IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE GARLAND, JR. | ) | |
| | ) | |
| V. | ) | 3-03-CV-2658-D |
| | ) | |
| UNITED STATES ATTORNEY FOR THE | ) | |
| NORTHERN DISTRICT OF TEXAS, ET AL | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's memorandum opinion and order of re-reference filed on April 20, 2005, came on to be considered the remaining issues in this action. See April 20, 2005 order, Part II.B.4. at pages 12-13. Following the District Court's order, the undersigned filed an order on July 19, 2005, and issued a questionnaire to Gene Garland, Jr., on the same date. Garland's answers to the questionnaire were filed on August 29, 2005.

In its order filed on April 20, 2005, the District Court noted that: "As to the presentation of false financial reports, not only is it unclear which defendant or defendants are responsible for taking these actions, the context in which the reports were presented is also unclear from the complaint."

The magistrate judge's questionnaire directed Garland to respond to each of these ambiguities. See Questionnaire at Questions 3, 5, 6 and 8. Questions 5, 6 and 8 were conditional and were required to be answered only if Garland's answers to the preceding questions did not identify the circumstances under which each report was presented. Relying on the conditional instructions Garland did not answer these questions.

In answer to Question 1, Garland identified each report which he claimed to have presented false financial information.

In answer to the questionnaire Garland listed the reports presented by Defendants Senerote, Monica Walters and Sheila Powers by government exhibit number, admitted in the course of his criminal trial in No. 3-00-CR-197-H (See answers at pages 3-4). As the District Court noted in its order "If the reports were presented at Garland's criminal trial, Senerote and Walters would be entitled to absolute immunity ...". Therefore, Plaintiff's Bivens claims against these defendants are barred. Defendant Powell is likewise entitled to the absolute immunity afforded to witnesses. E.g. Briscoe v. LaHue, 460 U.S. 325, 329-31 (1983).

Insofar as Defendant Marshall Gandy is concerned, claimed that he presented the alleged false reports in the context of the Securities and Exchange Commission's civil prosecution of him and his corporation in Cause No. 3-00-CV-149-X. See answers to questionnaire at pages 2-3. As the District Court noted in its order, as an attorney employed by the S.E.C., he is likewise immune from civil liability under Bivens for his role in prosecuting the civil action against Garland. See April 20, 2005, order at page 13; Saunders v. Bush, 15 F.3d 64, 66-67 (5th Cir. 1994).[1]

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court enter its order dismissing all remaining Bivens claims against Defendant Leonard A. Senerote, Monica Walters, Marshall

---

[1] Other than presentation of exhibits in the contexts of the civil and criminal prosecutions, Garland has not identified by name any persons to whom alleged false financial reports were presented. See Question 6 where Garland asserted it need not be answered in accordance with the instructions following Question 4. However, it is patently clear that none of the responses to the first four questions provided the information sought in Question 6.

Gandy and Sheila Powers and that judgment be entered dismissing such claims with prejudice.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

SIGNED this 1st day of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.