IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE IRVING GARLAND, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:03-CV-2658-D |
| VS. | § | |
| | § | |
| UNITED STATES ATTORNEY FOR | § | |
| THE NORTHERN DISTRICT OF | § | |
| TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER AND
ORDER OF RE-REFERENCE**

Before the court is the magistrate judge's September 1, 2005 supplemental report and recommendation and plaintiff's September 12, 2005 objections. After making an independent review of the pleadings, files, and records in this case, and the supplemental report and recommendation of the magistrate judge, the court concludes that the recommendation is correct in part and is therefore adopted in part. For the reasons that follow, the court declines in part to adopt the recommendation and re-refers the case to the magistrate judge for further proceedings.

In the court's April 20, 2005 memorandum opinion and order of re-reference, it held, in pertinent part, that the claim of plaintiff Gene Irving Garland, Jr. ("Garland") against defendants Marshall Gandy ("Gandy"), Leonard A. Senerote ("Senerote"), Monica Walters ("Walters"), and Sheila Powell ("Powell") that he was deprived of his right to due process based on the alleged presentation of false financial reports was not subject to dismissal. It concluded that, not only was it unclear which defendant or defendants were responsible for taking these actions, but the context in which the reports were presented was also unclear from Garland's complaint. Mem. Op. & Order at 12. This lack of specificity prevented the court from determining whether Senerote and Walters

are entitled to absolute immunity as to this allegation. *Id.* The court reasoned that

> [i]f the reports were presented at Garland's criminal trial, Senerote and Walters would be entitled to absolute immunity because, as explained above, the presentation of evidence at trial is advocatory. If the false financial reports were presented in some other context, however, Senerote and Walters may not be entitled to prosecutorial immunity.

*Id.* Concerning defendant Powell, the court stated that, if she "presented the alleged reports as part of her testimony in Garland's criminal trial, she would be entitled to absolute immunity. If she presented them in another context, however, she may not be entitled to witness immunity." *Id.* at 12-13 (citation omitted). The court stated that "Gandy's role, if any, in the presentation of the false financial reports is also unclear. If he presented these reports as part of the civil proceedings against Garland, he would likely be entitled to absolute immunity. . . ." *Id.* at 13. But "[b]ecause Gandy's role in presenting these reports, and the context in which he presented them, [were] unclear, the court [was] unable to hold at the motion to dismiss stage that he is entitled to immunity." *Id.*

The court also addressed dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994). It concluded that "application of *Heck* to this particular allegation depends on whether the alleged financial reports were presented at his trial." *Id.* "Because the court [could not] determine the application of *Heck* or the availability of immunity, it re-refer[red] the matter to the magistrate judge for further proceedings." *Id.*

The magistrate judge concludes from his review of Garland's answers to the magistrate judge's questionnaire that none of the financial reports was presented outside the context of Garland's criminal trial or the Securities and Exchange Commission's ("SEC's") civil prosecution of him. Although it appears that some documents fall within this category, the court cannot say, based on its review of Garland's answers and his objections, that all do. For example, Garland

acknowledges in his answer to Question No. 2 that the court has ruled that defendants are immune from liability for false documents presented during the trials. *See* Answers at 2. He maintains that the trial documents on which he relies "are presented at this time only as evidence of the underlying fraudulent accounting that was manufactured and used by the defendants before there was probable cause for a crime[.]" *Id.* He also asserts, *inter alia*, that Senerote, Walters, and Powell used false information as justification for investigative interviews, *id.* at 1, and that Gandy used documents in investigative interviews, *id.* at 5.

Accordingly, the court adopts the magistrate judge's September 1, 2005 supplemental report and recommendation to the extent that Garland relies on financial reports that Senerote, Walters, and Powell presented at Garland's criminal trial and on those that Gandy presented as part of the SEC civil proceedings against Garland. The court otherwise declines to adopt the recommendation and re-refers this matter to the magistrate judge for further proceedings. The court is unable to say on the present record that Garland is seeking to establish a due process violation only on the basis of allegedly false financial reports that were presented during the criminal or civil trials.

**SO ORDERED**.

September 21, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE