IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENE GARLAND, JR. | ) | |
| | ) | |
| V. | ) | 3-03-CV-2658-D |
| | ) | |
| UNITED STATES ATTORNEY FOR THE | ) | |
| NORTHERN DISTRICT OF TEXAS, ET AL | ) | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order filed on September 21, 2005, re-referring this action to the magistrate judge for further proceedings and the District Court's order of reference filed on December 12, 2005 came on to be considered the Federal Defendants'[1] Second Motion to Dismiss, or in the Alternative, for Summary Judgment filed on December 12, 2005, and the magistrate finds and recommends as follows:

In their motion Defendants seek dismissal of Plaintiff's Amended Complaint on procedural and substantive grounds. Plaintiff has not filed a response addressing the substance and merits of Defendants' grounds.[2]

---

[1]The defendants who remain as parties to this action are former Assistant U.S. Attorney Leonard A. Senerote, former Special Assistant U.S. Attorney Monica Walters, SEC Attorney Marshall Gandy and Sheila Powell. Each is sued in their individual capacities pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

[2]On December 21, 2005, Garland filed his objection to Defendants' motion and on January 11, 2006, he filed a reply to the Defendants' response to his initial objection. The substance of each is that Defendants did not first obtain leave to file a second motion to dismiss. It is clear that in granting Defendants' motion to file a brief longer than 25 pages on December 12, 2005 and in subsequently referring the motion to the magistrate judge for recommendation on the same date that the District Court has authorized the filing of Defendants' second motion.

Defendant Sheila Powell re-urges her motion to dismiss the claims brought against her pursuant to Rule 12(b)(5). See Defendants' brief, filed on December 12, 2005 (docket entry no. 73, at pp. 12-14).[3] The sufficiency of the process served on these defendants was discussed at length in the magistrate judge's recommendation filed on February 16, 2005 (See docket entry no. 36, at pp. 2-3). There is no claim that Defendant Powell was ever personally served with process in this action. The only evidence of any attempted service on her is the return of service dated June 9, 2004, which was filed on March 3, 2005 (See docket entry no. 39). The return of service shows on its face that it was left with Linda Darr. Plaintiff has provided nothing to establish that Ms. Darr was ever designated by Defendant Powell as her agent for service of process. Therefore, Plaintiff's attempted service of process on Defendant Powell failed to comply with the requirements of Rule 4, Federal Rules of Civil Procedure or with Rule 106, Texas Rules of Civil Procedure.[4]

Therefore Defendant Powell's motion to dismiss pursuant to Rule 12(b)(5) should be granted.

All Defendants move to dismiss on the basis that Plaintiff's complaints against them are time barred. This defense was raised in their initial motion to dismiss (See docket entries nos. 16 and 17, brief at pp. 24-25). In addressing this issue the magistrate judge agreed that the position

---

[3] The remaining defendants do not re-urge the same basis for dismissal previously asserted in their initial motion to dismiss (See docket entry no. 16, at pp. 20-23) in light of the District Court's prior memorandum opinion filed on April 20, 2005 at p. 14, n 9. However, as made clear in that opinion the District Court did not foreclose disposition on this ground.

[4] In effecting service pursuant to state law Texas courts require strict compliance with the applicable rules and efforts short of that which are required by the rules are invalid and of no effect. See Whitney v. L & L Realty Corp., 500 SW 2nd 94, 96 (Texas. 1973). Although the remaining defendants have not formally re-urged insufficiency of service, it appears that attempted service on Defendants Senerote and Walters is equally ineffective (See docket entries nos. 38 and 41).

asserted was meritorious, except for <u>Heck</u> claims.  (See docket entry no. 36, magistrate judge's recommendation at p. 8, n. 6).  In the District Court's memorandum opinion filed on April 20, 2005, adopting in part and rejecting in part the magistrate's recommendation, the court noted that the magistrate judge was not precluded from reconsidering Defendants' limitations defense (See docket entry no. 45, at p. 14, n. 9).

The apparent factual basis for Plaintiff's claims against the Federal Defendants arises out of the cross-examination of Ms. Powell in his criminal trial in which certain distributions from funds obtained from victims of his scheme were attributed to Garland's personal use.  Powell apparently reduced the dollar amount of funds which Garland used for his own benefit.[5]  Aside from the fact that the recalculations of the monies used by Garland himself had no affect on the criminal jury's verdict, it is clear that the "false financial reports" allegedly improperly used by the individual defendants - which are not otherwise barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) or by prosecutorial or witness immunity - became known to Garland no later than at the end of his criminal trial which concluded on December 12, 2000.

Under the settled law of this Circuit, the time within which to file a <u>Bivens</u> action against a Texas resident is two years.  <u>Brown v. Nationsbank Corp.</u>, 188 F. 3rd 579, 590 (5th Cir. 1999); <u>Pena v. United States</u>, 157 F. 3rd 984, 987 (5th Cir. 1998).  The limitations period expired on December 12, 2002, long before Garland filed his initial complaint in October 2003.  Accordingly Garland's claims against Leonard A. Senerote, Monica Walters, Marshall Gandy and Sheila Powers should be dismissed as time barred.

---

[5] The interplay between that which occurred in Garland's criminal trial and the grounds for his <u>Bivens</u> claims against the Federal Defendants is made self-evident in Plaintiff's answers to the magistrate judge's questionnaire (See docket entry no. 56).

In the alternative each Defendant sued in their individual capacities is entitled to summary judgment. Previously the District Court concluded that under the state of the pleadings as they then existed, it could not be determined in what context allegedly false financial statements were presented to persons by the Defendants. See District Court's memorandum opinion and order filed on April 20, 2005 (docket entry no. 45, at pp. 12-13).

Each of the Defendants has now filed a declaration addressing his or her involvement. See Defendants' Appendix filed on December 12, 2006 - Tab. 11 - Declaration of Leonard Senerote; Tab 13 - Declaration of Monica Walters; Tab 14 - Declaration of Sheila Powell. See also Supplemental Declaration of Marshall Gandy, executed on December 9, 2005.[6]

Senerote's declaration (Tab 11, supra) recites his involvement in the successful prosecution of Garland. In addition the declaration states that all initial investor interviews were conducted by persons other than himself and that his interviews with investors was as a part of his pre-trial preparation. While this information alone is sufficient to invoke prosecutorial immunity his declaration further states: "At no time did [we present] financial reports to investors," and further states: "The only records investors who were interviewed saw were their own..."

Walter's declaration (Tab 13, supra) relates that she was detailed as a Special Assistant U.S. Attorney to assist in Plaintiff's criminal prosecution in the summer of 2000.[7] Therefore, she had

---

[6] The magistrate judge has on this day granted the Federal Defendants' Motion for Leave to Submit Signed Supplemental Declaration etc. filed on December 20, 2005 (docket entry no. 77) which is consistent with the District Court's authorization in the order filed on September 21, 2005. The supplemental declaration of Mr. Gandy is identical to Tab 10 included in the Defendants' Appendix with the exception that the supplemental declaration admitted with the December 20, 2005 motion is signed.

[7] Plaintiff was originally indicted by the federal grand jury on May 23, 2000. See Defendants' Appendix at Tab 17.

nothing to do with any investigation of Plaintiff's activities prior to the return of the criminal indictment. Her declaration is sufficient to invoke prosecutorial immunity. Moreover, as with Senerote's declaration she states that no financial records of Garland or his company were provided to investor victims in the course of their pre-trial conferences with the prosecutors.

Powell's declaration (Tab 14, supra) relates that she was called as an expert witness in Garland's criminal trial to trace the monies which flowed in to Retired Persons Financial Services, and how such monies were used by Garland and his co-defendant in the criminal prosecution. As the District Court has previously found, she is immune from civil liability based upon her testimony in the criminal trial. See Memorandum Opinion and Order filed on April 20, 2005 (docket entry 45 at 9). Her declaration relates that her financial analysis of monies received in Plaintiff's fraud scheme were shared only with members of the prosecution team, according to the best of her recollection.

Gandy's supplemental declaration (See note 6, supra) categorically denied that he presented any financial reports to any investors and that the only financial analysis of monies obtained from investors in Retired Persons Financial Services was done by James E. Edwards, who operated independently from the U.S. Attorney's office and Sheila Powell.

As noted above Garland has filed no opposition to the merits of Defendants' motion. Although a court may not grant a "default" summary judgment when an opposing party fails to respond, a court may accept as undisputed the facts proffered by the proponent of a motion for summary judgment. See e.g. Eversley v. M Bank Dallas, 843 F. 2nd 172, 174 (5th Cir. 1988).

Garland has never identified a single individual to whom allegedly false financial information was presented nor evidence that any of the named individual Defendants was the presenter of such information.[8]

RECOMMENDATION:

For the foregoing reasons it is recommended that Defendant Sheila Powell's motion to dismiss pursuant to Rule 12(b)(5) be granted, and

It is further recommended that Plaintiff's Amended Complaint against the individual defendants, including Ms. Powell in the event that her Rule 12(b)(5) motion is denied, be dismissed as being barred by limitations and, in the alternative that Defendants' motion for summary judgment be granted and that Plaintiff's Amended Complaint be dismissed with prejudice.

---

[8]Previously the magistrate judge recommended that Plaintiff's complaint be dismissed for failure to fully and completely answer the magistrate judge's questionnaire. See supplemental report and recommendation filed on September 1, 2005 (docket entry no. 59, at p. 2, n. 1). However, the District Court declined to adopt the recommendation. See docket entry no. 62, at pp. 2-3. Serendipitously, a victim of Garland's fraudulent scheme filed a letter in this case on March 6, 2006 (docket entry no. 82). Attached to the victim's letter is correspondence to the victim from Garland dated November 29, 2005 together with a questionnaire. It is self-evident that as late as November 2005, Garland was still trying to fish for possible evidence to support his claims against the individual defendants, demonstrating that Garland did not comply with the provisions of Rule 11(b)(1) and (2), Federal Rules of Civil Procedure.

It is perhaps noteworthy to observe that Garland's letter had Retired Persons Financial Services Client's Restitution Trust as its heading and that he listed himself as trustee. The letter also represented that any monies recovered would be used to reimburse investors. On the date of the letter, Garland was well-aware that Retired Persons Financial Services was dismissed as a party plaintiff and that his complaint was being pursued in his individual capacity and not as a representative of his defrauded victims.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

SIGNED this 16th day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.